IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 22, 2018

**DANNY ANDERSON v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Bledsoe County**
**No. 2016-CR-45      Justin C. Angel, Judge**

———————————————————

**No. E2018-00191-CCA-R3-HC**

———————————————————

The Petitioner, Danny Anderson, appeals the habeas corpus court's dismissal of his petition for writ of habeas corpus. We conclude that the Petitioner's notice of appeal was untimely filed, and the interest of justice does not support waiver of the timely filing requirement. Therefore, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

Danny Anderson, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Courtney N. Orr, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

In June 2006, the Petitioner and his co-defendant were indicted on two counts each of premeditated first degree murder, felony murder during the perpetration of or attempt to perpetrate kidnapping, and attempted especially aggravated kidnapping. In January 2008, the Petitioner pleaded guilty to two counts of felony murder and received concurrent sentences of life without the possibility of parole. The remaining counts were dismissed. The Petitioner subsequently filed a motion to withdraw his guilty pleas. The trial court denied the Petitioner's motion, and this court upheld the trial court's decision on appeal. *See State v. Danny Ray Anderson*, No. M2008-01740-CCA-R3-CD, 2009 WL 2433016, at *1 (Tenn. Crim. App. Aug. 10, 2009).

In October 2016, the Petitioner filed a petition for writ of habeas corpus in which he argued that his convictions were void because he could not be convicted of the felony

murder charges once the State dismissed the charges of attempted especially aggravated kidnapping. The State filed a motion to dismiss, arguing that the Petitioner failed to present a cognizable claim for relief. On December 26, 2017, the habeas corpus court filed an order granting the State's motion and dismissing the Petitioner's petition. On February 2, 2018, the Petitioner filed a notice of appeal in which he maintained that the notice of appeal was timely because the prison where he was housed did not receive the order until January 2, 2018.

On appeal, the Petitioner contends that the habeas corpus court erred in dismissing his petition. The State responds that the appeal should be dismissed because the Petitioner failed to file a timely notice of appeal.

Tennessee Rule of Appellate Procedure 4(a) provides that the notice of appeal must be filed "within 30 days after the date of entry of the judgment appealed from." Rule 4(a) also allows for this court to waive the timely filing requirement "in the interest of justice." This court considers "the nature of the issues for review, the reasons for the delay in seeking relief, and other relevant factors" in determining whether waiver is appropriate. *Michelle Pierre Hill v. State*, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb. 13, 1996). The Petitioner has the burden of establishing that waiver is appropriate. *State v. Kevin Montrell Thompson*, No. E2016-01565-CCA-R3-CD, 2017 WL 262701, at *2 (Tenn. Crim. App. Jan. 20, 2017), *no perm. app. filed*.

The habeas corpus court's order dismissing the petition was filed on December 26, 2017, and the Petitioner did not file his notice of appeal until February 2, 2018. The Petitioner did not request that this court waive the filing deadline, and his only explanation for the delay was that he did not receive the habeas corpus court's order until January 2, 2018, twenty-three days before the deadline expired. While the Petitioner contends that his convictions for felony murder are void because the State dismissed the charges for the underlying felony pursuant to the plea agreement, a conviction for the underlying felony is not required to sustain a conviction for felony murder. *See State v. Davis*, 446 S.W.3d 49, 72 (Tenn. 2015).

In light of the issues on appeal and the Petitioner's failure to present any basis upon which this court may conclude that the "interest of justice" merits a waiver, we decline to waive the late filing of the Petitioner's notice of appeal. Accordingly, we dismiss the appeal.

_____
JOHN EVERETT WILLIAMS, JUDGE